IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Phyllis A. Wilson, | ) | C/A No. 3:15-1391-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| John A. Cloyd, *Assessor Richland County*; | ) | |
| Elizabeth McDonald, *Deputy Assessor Richland County*, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Phyllis A. Wilson, a self-represented litigant, filed this employment action alleging race discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., and age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., against the defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant John A. Cloyd's motion to dismiss (ECF No. 20) and Defendant Elizabeth McDonald's motion to dismiss and substitute parties (ECF No. 24). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Wilson was advised of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motions. (ECF Nos. 21 & 25.) Wilson filed responses in opposition (ECF Nos. 29 & 34) and the defendants filed replies (ECF Nos. 30 & 35). Having carefully considered the parties' submissions and the record in this case, the court concludes that the defendants' motions to dismiss should be granted.

PJG

**BACKGROUND**

Wilson alleges that, in November of 2013, she was discriminated against on the basis of her age and race when Defendants Cloyd and McDonald failed to select Wilson for "the Ownership Supervisor position which was advertised by the Richland County government." (Compl., ECF No. 1 at 3.)  Wilson asserts that she held the position for over ten years, but someone "younger, less qualified and of a different race was selected for the position." (Id.)  Wilson seeks monetary compensation and diversity training for all supervisors and managers employed by the Richland County Assessor's Office. (Id. at 5.)

**DISCUSSION**

**A.     Applicable Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints.  Id.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v.



Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Defendants' Motions**

Defendants Cloyd and McDonald argue that Wilson's Title VII and ADEA claims against them fail as a matter of law because these statutes do not provide causes of actions against individuals.[1]  (Cloyd Mem. Supp. Mot. Dismiss, ECF No. 20-1 at 2-3; McDonald Mem. Supp. Mot. Dismiss, ECF No. 24-1 at 2-3.)  The United States Court of Appeals for the Fourth Circuit has clearly held that employees of a defendant employer are not liable in their individual capacities for claims asserted under Title VII or the ADEA.  See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that "supervisors are not liable in their individual capacities for Title VII violations"); Birkbeck v. Marvel Lighting Corp., 30 F.3d. 507, 510-11 (4th Cir. 1994) (holding that

---

[1] The court notes that Wilson's claims under Title VII and the ADEA are the only claims construed as having been raised in this action.  (ECF No. 15 at 1.)



individual employees are not proper defendants in ADEA lawsuits). Wilson's memoranda in support of her responses in opposition to the defendants' motions argue that government employees can generally be sued in both a personal and official capacity. (Pl.'s Mem. Supp. Resp. Opp'n, ECF Nos. 29-1 & 34-2.) However, Wilson provides no authority to suggest that Title VII and/or the ADEA provide for individual liability. Accordingly, the defendants' motions to dismiss should be granted as to Wilson's claims under Title VII and the ADEA against Defendants Cloyd and McDonald.

As noted by Defendant McDonald, the Richland County Assessor Office is listed on Wilson's Charge of Discrimination, filed with the South Carolina Human Affairs Commission, as the employer responsible for the alleged discrimination. (Charge of Discrimination, ECF No. 24-2 at 2.) Defendant McDonald asserts that Richland County should be substituted as the correct defendant in this case. (McDonald's Mem. Supp. Mot. Dismiss, ECF No. 24-1 at 3). The court agrees that Wilson should be given an opportunity to amend her Complaint to substitute Richland County as the proper defendant in this action.[2]

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendants' motions to dismiss be granted. (ECF Nos. 20 & 24.) The court further recommends that Plaintiff be granted twenty-one

---

[2] Wilson is advised that, if the order ruling on this Report and Recommendation allows her to amend the Complaint, a summons and Form USM-285 for Richland County must also be submitted to the court.



(21) days from the issuance of the order ruling on this Report and Recommendation to file an Amended Complaint naming Richland County as the proper defendant in this case.[3]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 25, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] If this Report and Recommendation is adopted, Defense counsel should advise the court, in writing within fourteen (14) days from the date of such adoption, whether they are authorized to accept service for Richland County. If counsel notifies the court that they are not so authorized, a separate order may be entered directing the United States Marshal to effect service on Richland County on Wilson's behalf as she is proceeding *in forma pauperis* in this case. See 28 U.S.C. § 1915(d).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).