IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phyllis A. Wilson, | ) | C/A No. 3:15-1391-MGL-PJG |
|              Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Richland County, | ) | |
|              Defendant. | ) | |

The plaintiff, Phyllis A. Wilson, a self-represented litigant, filed this action seeking relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. The defendant[1] filed a motion for summary judgment on January 11, 2016, pursuant to the Federal Rules of Civil Procedure. (ECF No. 65.) As Wilson is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on January 12, 2016, advising Wilson of the importance of a motion for summary judgment and of the need for her to file an adequate response. (ECF No. 68.) Wilson was specifically advised that if she failed to respond adequately, the defendant's motion may be granted, thereby ending her case.

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Wilson has failed to respond to the motion. Instead, Wilson filed a motion entitled "Plaintiff Wilson's request to review case file." (ECF No. 70.) The defendant filed a response in opposition.

---

[1] Plaintiff initially filed this action again two individual defendants who were subsequently dismissed from the case. (See Order, ECF No. 43.) Plaintiff was given the opportunity to amend her Complaint to name Richland County as the proper defendant, which she filed with the court on October 9, 2015. (See Am. Compl., ECF No. 50.)


(ECF No. 71.) In her filing, Wilson states that she "has received no correspondence to date related to her Amended Complaint." (ECF No. 70 at 1.) Wilson acknowledges receipt of the court's Roseboro Order, but alleges that "all deadlines [in the court's Scheduling Order] were terminated." (Id. at 1-2.) Wilson requests that a new scheduling order be issued, that her December 2015 deposition be declared moot and stricken from the record, and that the defendant's motion for summary judgment also be declared moot and stricken from the record. (Id. at 2.)

Review of the docket reveals that, as stated above, Wilson filed her Amended Complaint with the court on October 9, 2015.[2] At the time she filed her Amended Complaint, the only deadline that had expired in the court's Scheduling Order was the deadline to amend pleadings. (ECF No. 31.) The court did not issue an amended scheduling order, nor did it issue any order terminating or suspending the existing deadlines in its Scheduling Order. Wilson has not presented any reason why the deadlines issued by the court were insufficient. Accordingly, it is

**ORDERED** that Wilson's motion is denied. (ECF No. 70.) It is further

**ORDERED** that Wilson shall advise the court as to whether she wishes to continue with this case and to file a response to the defendant's motion for summary judgment within fourteen (14) days from the date of this order. Plaintiff is further advised that if she fails to respond, **this action may be recommended for dismissal with prejudice for failure to prosecute.** See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

---

[2] Wilson filed a subsequent motion to amend her Complaint in which she states only that she seeks to add Richland County as a defendant. (ECF No. 60.) As Richland County is already a defendant in this action, this motion is hereby terminated as moot.



**IT IS SO ORDERED.**

February 19, 2016
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE